UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HELENE ANTOINETTE ANDRAU SIEGLER AND BARBARA ANDRAU PECK POWELL | * * * * | |
| Plaintiffs, | * * * | Civil Action No. |
| Versus | * * | |
| ACE AMERICAN INSURANCE COMPANY, INSURANCE COMPANY OF NORTH AMERICA, AMERICAN MOTORISTS INSURANCE COMPANY, AMERICAN MANUFACTURERS MUTUAL INSUANCE COMPANY, LUMBERMENS MUTUAL CASUALTY COMPANY, THE TRAVELERS INSURANCE COMPANY, AND THE TRAVELERS INDEMNITY COMPANY | * * * * * * * * * * | Judge:

Magistrate Judge: |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendants, The Travelers Insurance Company and The Travelers Indemnity Company (collectively, "Travelers"'), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action, *Helene Antoinette Andrau Siegler and Barbara Andrau Peck Powell v. Ace American Insurance Company, et al.,* Civil Action No. 592-126 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge,

State of Louisiana. In support of this removal, Travelers respectfully represents:

1. On June 23, 2010, Helene Antoinette Andrau Siegler and BarabaraAndrau Siegler ("Plaintiffs") commenced the captioned action by filing a Petition for Declaratory Judgment and Damages (the "Petition") in state court. A copy of all process, pleadings, and orders served upon Travelers in the state court action are attached hereto as Exhibit "A".

2. According to the allegations of the Petition, Plaintiffs are domiciled in the State of Texas. Petition, Introductory ¶

3. Plaintiffs seek a declaratory judgment and damages from American Motorists Insurance Company, American Manufacturers Mutual Insurance Company, Lumbermens Mutual Casualty Company, The Travelers Insurance Company, The Travelers Indemnity Company, Insurance Company of North America, and ACE American Insurance Company (collectively, "Defendant-Insurers"). Petition, ¶ 2.

4. According to Plaintiffs, they qualify as insureds under certain insurance policies issued by Defendant-Insurers for the collective period from January 1, 1952 through December 31, 1986 in connection with that certain lawsuit filed on April 16, 1996, against Plaintiffs and styled as *Katherine G. Orillion, et al. v. Texaco, Inc., et al.*, bearing No. 30718 in the docket of the 18th Judicial District Court for the Parish of Point Coupee, State of Louisiana (the "Underlying Lawsuit"). *Id.* at ¶ 21. As a result, Plaintiffs seek a declaration that they are entitled to recover from Defendant-Insurers all defenses costs and indemnity for and damages that may be assessed against Plaintiffs in the Underlying Lawsuit. *See, id., generally.*

5. In the Underlying Lawsuit, attached to Plaintiffs' Petition, the underlying

plaintiffs allege that, since the 1940s, Plaintiffs have caused contamination and pollution of the underlying plaintiffs' properties by (a) improperly and illegally storing, discharging, and/or disposing of hazardous, toxic, poisonous, radioactive, dangerous, and unsafe waste, contaminants, pollutants, chemicals and other substances on the underlying plaintiffs' properties and neighboring properties; (b) permitting leaks or spills of the hazardous wastes or substances onto the underlying plaintiffs' properties and neighboring properties; and (c) allowing the migration of the foregoing substances onto underlying plaintiffs' properties and into adjacent waterways and ground waters. *See,* Underlying Lawsuit, attached as Ex. B, ¶¶ 56, 58, and 64-91. The underlying plaintiff's properties are alleged to collectively exceed 1200 acres. *Id.* at ¶¶ 1-30.

6. As a result, the underlying plaintiffs seek to recover damages from Plaintiffs for contamination of the properties; contamination of water wells; diminution of value and marketability of the properties; interference with agricultural activities on the properties; monitoring costs and testing for pollution; remediation costs; bodily injuries resulting from exposure to hazardous substances; medical monitoring costs; fear of cancer; mental distress, pain, and anguish. *Id.* at ¶¶ 94, 157, and Prayer.

7. In addition, the underlying plaintiffs seek to recover exemplary damages from Plaintiffs pursuant to La. C.C. art. 2315.3 with respect to injuries caused by wanton and reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic substances. *Id.* at ¶¶ 142-147, 159, and Prayer.

8. The underlying plaintiffs also seek to recover their attorneys fees and costs. *Id.* at

¶¶ 163-164 and Prayer.

9. In the instant suit, Plaintiffs seek a declaration that the Defendant-Insurers are liable to Plaintiffs for all amounts that Plaintiffs may be held liable for in the Underlying Lawsuit. Petition, Ex. A. at ¶¶ 8,26.

10. In addition, Plaintiffs seek to recover from Defendant-Insurers any defense costs they have incurred in defending against the Underlying Lawsuit, which was filed more than 14 years ago, in April, 1996. *Id.* at ¶¶ 22-25; *see also,* Underlying Lawsuit, Ex. B.

11. Plaintiffs further aver that Defendant-Insurers have wrongfully denied coverage.

12. Travelers does not admit the underlying facts as alleged by the Plaintiffs or as summarized above. Further, Travelers expressly denies that it has any liability to the Plaintiffs.

13. This Notice of Removal is filed within 30 days of service upon Travelers and each of the Defendant-Insurers in this matter and is therefore timely under 28 U.S.C. §1446(b).

14. All Defendant-Insurers consent in the removal of this matter. *See,* Consents to Removal, attached *in globo,* as Ex. C.

15. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because complete diversity exists between each of the Defendant-Insurers and the Plaintiffs and the amount in controversy is satisfied.

### DIVERSITY JURISIDICTION EXISTS PURSUANT TO SECTION 1332

#### A. <u>Complete Diversity Exists between Plaintiffs and Defendant-Insurers</u>

16. The Petition alleges that the Plaintiffs are domiciled in the State of Texas Petition, Ex. A, Introductory ¶.

17. The Travelers Insurance Company is an insurance company which is domiciled in and has its principal place of business in Connecticut.

18. The Travelers Indemnity Company is an insurance company which is domiciled in and has its principal place of business in Connecticut.

19. American Motorists Insurance Company is a foreign insurance company domiciled in Illinois with its principal place of business at One Corp. Drive, Ste. 200, Lake Zurich, IL 60047-8945.

20. American Manufacturers Mutual Insurance Company is a foreign insurance company domiciled in Illinois a foreign insurance company domiciled in Illinois with its principal place of business at One Corp. Drive, Ste. 200, Lake Zurich, IL 60047-8945.

21. Lumbermens Mutual Insurance Company is a foreign insurance company domiciled in Illinois a foreign insurance company domiciled in Illinois with its principal place of business at One Corp. Drive, Ste. 200, Lake Zurich, IL 60047-8945.

22. Century Indemnity Company as successor to CCI Insurance Company as successor to Insurance Company of North America is a foreign insurance company domiciled in Pennsylvania with its principal place of business in Pennsylvania.

23. ACE American Insurance Company is a foreign insurance company domiciled in Pennsylvania with its principal place of business in Pennsylvania.

24. Thus, complete diversity exists between Defendant-Insurers and the Plaintiffs.

**B. <u>The Amount in Controversy Exceeds the Requisite $75,000</u>**

25. Plaintiffs seek to recover defense costs incurred in an underlying proceeding,

which has been pending for more than 14 years, plus indemnity for damages that may be owed to underlying plaintiffs for property damage, bodily injury, medical monitoring, diminution in property value, lost economic opportunities, mental anguish, fear of cancer, remediation costs, property monitoring costs, and punitive damages resulting from alleged contamination of certain properties with a combined acreage exceeding 1200 acres.

26. In addition, Plaintiffs seek damages including penalties under La. R.S. 22:1220 and attorneys' fees. Petition, ¶¶ 2 and 7.

27. Consideration of Plaintiffs' claims for indemnity against the extensive damages alleged in the Underlying Lawsuit plus defense costs incurred during 14 years of litigation and penalties clearly indicate that the amount in controversy exceeds the sum of $75,000.

28. Because there is complete diversity of citizenship between the Plaintiffs and Defendant-Insurers and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, federal subject matter jurisdiction exists under 28 U.S.C. §1332.

**WHEREFORE**, defendants, The Travelers Insurance Company and The Travelers Indemnity Company, hereby provides notice that this action is duly removed.

Respectfully submitted,

RALPH S. HUBBARD III, T.A., La. Bar # 7040
TINA L. KAPPEN, La. Bar #29579
**LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Counsel for The Travelers Insurance Company and The**

**Travelers Indemnity Company**

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2010, a copy of this pleading has been served upon all known counsel of record in this action by sending a facsimile of the same or depositing same in the United States Mail, properly addressed, first class postage prepaid.